In the Matter of the Application of ALTON C. SCRUTON, Commissioner of Public Welfare of the County of St. Lawrence, Appellant, for a Review of the Determination of DAVID C. ADIE, Commissioner of Social Welfare of the State of New York, Respondent. In the Matter of the SETTLEMENT of JOSEPH BRINK.— The commissioner of public welfare of St. Lawrence county has appealed from a final order of the Albany Special Term of the Supreme Court dismissing his petition for a review of a determination of the State Department of Social Welfare in which it was determined that the settlement of Joseph Brink and his family was in the town of Potsdam, St. Lawrence county. There is evidence to sustain the determination of the commissioner. Order unanimously affirmed, with fifty dollars costs and disbursements to respondent Commissioner. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

ROBERT LEONHARDT, Individually and as Guardian ad Litem of GEORGE ROBERT LEONHARDT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25202.) — Motion for reargument denied, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Application of HERMAN L. KASHA, Appellant, for a Review under Article 78 of the Civil Practice Act of the Determination of THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents, Revoking Petitioner's License to Practice Medicine.— This is a review under article 78 of the Civil Practice Act, of an order and determination of the Board of Regents revoking the license of petitioner to practice medicine and canceling his registration as a physician. Petitioner was charged with undertaking to procure and perform a criminal abortion and with fraud and deceit in that he permitted an unlicensed person to practice medicine in his office. The Board of Regents have found petitioner guilty of both charges. There is substantial evidence to sustain the findings of the Board, and we cannot say that the latter acted arbitrarily. Any technical errors that were committed were not of such a serious nature as to impair petitioner's substantial rights. Determination and order confirmed, without costs. Bliss, Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., dissents.

IRVING TRUST COMPANY, as Trustee under Trust Indenture Dated October 22, 1927, between HUGH M. BEUGLER, as Settlor, and IRVING TRUST COMPANY, as Trustee, for the Benefit of BERTHA L. BEUGLER, Appellant, v. BERTHA I. BEUGLER, GEORGE E. HALL, as Administrator d. b. n. c. t. a., etc., of HUGH M. BEUGLER, GEORGE E. HALL, as Administrator, etc., of MARTHA B. BEUGLER, Respondents, and NAN BEUGLER VAIL and Others, Appellants. IRVING TRUST COMPANY, as Trustee under Trust Indenture Dated April 5, 1930, between HUGH M. BEUGLER, as Settlor, and IRVING TRUST COMPANY, as Trustee, for the Benefit of LOIS DALE BEUGLER, Appellant, v. LOIS DALE BEUGLER, Defendant, GEORGE E. HALL, as Administrator d. b. n. c. t. a., etc., of HUGH M. BEUGLER, GEORGE E. HALL, as Administrator, etc., of MARTHA B. BEUGLER, Respondents, and NAN BEUGLER VAIL and Others, Appellants.— These appeals are from two interlocutory judgments of the Supreme Court entered in Ulster county in two separate actions brought in that court by the appellant to take and state its accounts as trustee of two *inter vivos* trusts established by Hugh M. Beugler, now deceased, for the benefit of Bertha L. Beugler and Lois Dale Beugler respectively, and for other matters in connection with the administration of the trusts, including